# R. O. Campbell Coal Company v. Lewis Coal Company, et al.

### (Decided October 14, 1924.)

### Appeal from Bell Circuit Court.

1. Appeal and Error—No Complaint where Verdict Supported by Evidence.—It cannot be complained that recovery was too small, where jury decided issue according to evidence for defendant, and it is doubtful whether there was any contrary evidence to make issue for jury.

2. Trial—No Error in Instructing as to Fact Shown by All Evidence.—Court did not err in instructing jury that government price at defendant's mine was $3.00 per ton, where all evidence on that question was to that effect.

LOW & BRYANT for appellant.

N. R. PATTERSON for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

On July 8, 1918, the R. O. Campbell Coal Company entered into a written contract with the Lewis Coal Company by which the former purchased from the latter, at the going government price at the mines at the time of shipment, the entire output of the latter's mine from the date of the agreement to January 1, 1919. At the same time the seller advanced to the purchaser the sum of $5,000.00, for which the purchaser executed to the seller his promissory note, payable in sixty days without interest, and endorsed by M. H. Lewis and C. C. Lewis, with the agreement that if for any reason sufficient coal should not be shipped to the purchaser within sixty days to cover the note, the makers and endorsers thereon should be bound to pay same. Before the expiration of sixty days the note was paid. On August 26, 1918, the seller executed a second note to the buyer, payable in sixty days, and this note was also paid. On November 24, 1918, the purchaser executed a third note for $5,000.00. The third note was paid with the exception of a small balance which is in dispute.

This suit was brought by the R. O. Campbell Coal Company to recover an alleged balance of $662.25 with interest from November 4, 1918. In their answer and counterclaim the defendants denied the balance by plaintiff, and alleged that the balance was $550.95. They also set up a claim for damages in the sum of $1,000.00 for

plaintiff's breach of the contract to take and pay for the entire output of the mine. The jury fixed the damages on the counterclaim at $750.00 and returned a verdict for that amount, less the sum of $550.95. Plaintiff has appealed.

It is first insisted that the judgment for the recovery on the note was for too small a sum. The witnesses for appellees fixed the balance at $550.95, while the only witness who testified for appellant said that he was unable to state the balance due, and that the statements of the company would have to answer that question. In view of this evidence it is doubtful if there was any issue for the jury, but as the issue was submitted, and the jury fixed the balance at $550.95, it is clear, we think, that appellants are not in position to complain.

Another insistence is that the allegations of the answer and counterclaim are defective in certain respects. The defects complained of are more technical than substantial, and as the sufficiency of the pleading was not challenged by demurrer, or motion, we conclude that the defects, if any, were cured by the verdict.

The court did not err in instructing the jury that the government price at appellee's mine was $3.00 per ton, as all the evidence on that question is to that effect.

Other errors are relied on, but we do not find them of sufficient importance to require a reversal or merit discussion.

Judgment affirmed.